IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2023

## OMARI DAVIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2016-B-539      Cheryl A. Blackburn, Judge**

_____

### No. M2023-00048-CCA-R3-PC

_____

The Petitioner, Omari Davis, pled guilty to possessing heroin with intent to sell or deliver. After a sentencing hearing, the trial court sentenced the Petitioner as a Range II, multiple offender to serve a term of eighteen years. Thereafter, the Petitioner sought post-conviction relief, alleging that he was denied the effective assistance of counsel when his trial counsel failed to seek a competency evaluation. At the hearing, the Petitioner also argued that trial counsel was ineffective when he failed to seek a continuance of the sentencing hearing. The post-conviction court denied relief as to the competency evaluation but did not address the continuance issue. On our review, we respectfully affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Erin D. Coleman, Nashville, Tennessee, for the appellant, Omari Davis.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Megan M. King, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

### A.   ORIGINAL PLEA AND SENTENCE

We have previously recognized that this case "has a convoluted procedural history." *See State v. Davis*, No. M2020-00300-CCA-R3-CD, 2020 WL 5759049, at *1 (Tenn. Crim. App. Sept. 28, 2020) (*Davis II*), *no perm. app. filed*. The case has twice been before this Court on delayed appeals, and the parties have also partially litigated the merits of a post-conviction petition in the meantime. This procedural history is summarized in our prior opinions, and most of this history is not relevant to the issues present here. *See State v. Davis*, No. M2018-01779-CCA-R3-CD, 2019 WL 6174358 (Tenn. Crim. App. Nov. 20, 2019) (*Davis I*), *no perm. app. filed*.

As relevant to this appeal, however, the Petitioner was charged in 2016 with the offense of possessing heroin with intent to sell or deliver. The Petitioner pled guilty to the charge with the length and manner of service of the sentence to be determined by the trial court. *Davis II*, 2020 WL 5759049, at *1.

At the sentencing hearing in February 2017, the Petitioner requested placement in the drug court program followed by a community corrections assignment. *Id.* The trial court sentenced him as a Range II, multiple offender to serve a term of eighteen years and took under advisement the Petitioner's request for a drug court placement.

However, as the Petitioner was being taken into custody, officers discovered that he was in possession of heroin and other opiates, and the Petitioner was charged with new criminal offenses. *Id.* Because of these new charges, the Petitioner was no longer eligible for placement in the drug court program, and the trial court ordered him to serve his eighteen-year sentence in the Tennessee Department of Correction. In a later delayed appeal, this Court affirmed the sentence. *Id.* at *3.

### B.   POST-CONVICTION PROCEEDINGS

Following his plea, the Petitioner filed a timely petition for post-conviction relief, which, as amended,[1] asserted that his plea was invalid and that he was denied the effective

---

[1]   The appellate record in this case contains the original post-conviction petition and one amended petition filed in February 2018. During the August 2022 post-conviction hearing, the Petitioner's counsel discussed another amended petition filed "on July 28th or July 29th." The post-conviction court

assistance of counsel because trial counsel failed to have him evaluated for competency due to mental illness. The post-conviction court held an initial hearing on February 14, 2018, and after a series of delayed appeals that are not relevant here, completed the hearing on August 31, 2022. Neither the transcript of the 2018 hearing nor any of the exhibits are included in the record of this appeal or any prior appeal. At the 2022 hearing, however, both the Petitioner and trial counsel testified.

### 1.      Petitioner's Testimony

The Petitioner testified that he had been diagnosed with major depressive disorder. He stated that he thought he told trial counsel that he was not taking his mental health medication at the time of his sentencing hearing. He also said that trial counsel "may have known" that he was using heroin at the time but not "to the degree where we sat and talked about it and really understood the degree of sickness [he] was going through." The Petitioner also testified he did not request that trial counsel seek a mental health or competency evaluation.

Speaking about his sentencing hearing, the Petitioner testified that he was "discombobulated" from substance use and lack of sleep. He acknowledged that he was "caught" with heroin when he went into custody and then later charged with possession of heroin. When he again appeared in court three days later, he was still in "heavy withdrawal." He thought that trial counsel was aware that these charges were not resolved when he appeared again in court three days later, but he did not ask trial counsel to seek a continuance.

### 2.      Trial Counsel's Testimony

For his part, trial counsel testified that he had been in practice about a year and a half at the time of the Petitioner's plea. During this time, trial counsel had experience representing clients with both substance use and mental health issues.

The Petitioner hired trial counsel to help him obtain a drug court placement. Although the district attorney would not agree to this condition, trial counsel negotiated a plea agreement that would allow the trial court to decide the issue, including a possible drug court placement.

---

noted that this additional amendment was not contained in the clerk's file, and we observe that it is not included in the appellate record either.

Trial counsel testified that he met with the Petitioner between eight and ten times in addition to court appearances. He did not recall the Petitioner's appearing to be "under the influence of anything," including during the plea hearing. The Petitioner did not have issues understanding him, and the Petitioner never appeared "to not understand what he was doing." During trial counsel's representation, the Petitioner was working and attending barber college.

The Petitioner brought a copy of his medical records for trial counsel's review. Trial counsel stated that his review of the records showed that the Petitioner had a prior history of depression. However, trial counsel's review of the records gave him no concern that a competency evaluation was needed. He stated that he did not believe the Petitioner's depression affected him at the time and that the Petitioner never showed any sign of suffering from a mental illness.

Trial counsel also stated that he did not seek a continuance of the sentencing hearing because he believed that the trial court was amenable to a drug court placement and that the Petitioner "had a very favorable argument to getting treatment." Although he was unaware that the drug court would not accept someone with pending charges, trial counsel filed a motion to have the court reconsider the sentence after the new charges were resolved. The trial court denied this motion. Trial counsel did not know whether the trial court's sentence was affected by the Petitioner's ineligibility for the drug court program.

## C.    DENIAL OF POST-CONVICTION RELIEF

On November 9, 2022, the post-conviction court entered an order denying relief. The court noted that the Petitioner had raised two issues for consideration: (1) that he was denied the effective assistance of counsel when trial counsel failed to have him evaluated for competency; and (2) that his plea was not entered into knowingly and voluntarily because of his mental health and substance use issues.

With respect to the first issue, the post-conviction court concluded that trial counsel did not render deficient performance in failing to seek a competency evaluation. The court found that counsel did not perceive any issues with the Petitioner's competency, despite having "extensive conversations with [the Petitioner] about his life, his situation, and his issues[.]" It also found that the Petitioner failed to establish prejudice because "[t]here is no indication given by any of [the Petitioner's] actions, nor was any documentation shown, that his competency was ever at issue while this case was pending."

The post-conviction court also concluded that the plea was entered knowingly and voluntarily. The court found that the "record and guilty plea transcript affirmatively demonstrate [the Petitioner] entered his plea with an awareness of the consequences." It

also found that the Petitioner "was an intelligent and knowing participant in this strategic decision" to enter an open plea with an opportunity to seek placement in the drug court program.

This appeal followed.

## STANDARDS OF APPELLATE REVIEW

Our supreme court has recognized that "the first question for a reviewing court on any issue is 'what is the appropriate standard of review?'" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). In this case, the principal issue is whether the post-conviction court properly denied relief because the Petitioner failed to show that he received the ineffective assistance of counsel. As our supreme court has made clear,

> Appellate review of an ineffective assistance of counsel claim is a mixed question of law and fact that this Court reviews de novo. Witness credibility, the weight and value of witness testimony, and the resolution of other factual issues brought about by the evidence are entitled to a presumption of correctness, which is overcome only when the preponderance of the evidence is otherwise. On the other hand, we accord no presumption of correctness to the post-conviction court's conclusions of law, which are subject to purely de novo review.

*Phillips v. State*, 647 S.W.3d 389, 400 (Tenn. 2022) (citations omitted).

## ANALYSIS

The Tennessee Post-Conviction Procedure Act provides an avenue for relief "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2018). A post-conviction petitioner has the burden of proving his or her allegations of fact with clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2018). For evidence to be clear and convincing, "it must eliminate any 'serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Arroyo v. State*, 434 S.W.3d 555, 559 (Tenn. 2014) (quoting *State v. Sexton*, 368 S.W.3d 371, 404 (Tenn. 2012)).

Article I, section 9 of the Tennessee Constitution establishes that every criminal defendant has "the right to be heard by himself and his counsel." Similarly, the Sixth Amendment to the United States Constitution, made applicable to the states by the

Fourteenth Amendment, guarantees that all criminal defendants "shall enjoy the right . . . to have the [a]ssistance of [c]ounsel." "These constitutional provisions guarantee not simply the assistance of counsel, but rather the reasonably effective assistance of counsel." *Nesbit v. State*, 452 S.W.3d 779, 786 (Tenn. 2014). Accordingly, a petitioner's claim that he or she has been deprived "of effective assistance of counsel is a constitutional claim cognizable under the Post-Conviction Procedure Act." *Moore v. State*, 485 S.W.3d 411, 418 (Tenn. 2016); *see also Howard v. State*, 604 S.W.3d 53, 57 (Tenn. 2020).

"To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that counsel's performance was deficient and that counsel's deficiency prejudiced the defense." *Moore*, 485 S.W.3d at 418-19 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)). A petitioner may establish that counsel's performance was deficient by showing that "'counsel's representation fell below an objective standard of reasonableness.'" *Garcia v. State*, 425 S.W.3d 248, 256 (Tenn. 2013) (quoting *Strickland*, 466 U.S. at 688). As our supreme court has also recognized, this Court must look to "all the circumstances" to determine whether counsel's performance was reasonable and then objectively measure this performance "against the professional norms prevailing at the time of the representation." *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015) (quoting *Strickland*, 466 U.S. at 688).

"If the advice given or services rendered by counsel are 'within the range of competence demanded of attorneys in criminal cases,' counsel's performance is not deficient." *Phillips*, 647 S.W.3d at 407 (quoting *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). Notably, because this inquiry is highly dependent on the facts of the individual case, "[c]onduct that is unreasonable under the facts of one case may be perfectly reasonable under the facts of another." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999).

In addition, a petitioner must establish that he or she has been prejudiced by counsel's deficient performance such that the performance "'render[ed] the result of the trial unreliable or the proceeding fundamentally unfair.'" *Kendrick*, 454 S.W.3d at 458 (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). In other words, a petitioner "must establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 453 S.W.3d 386, 393-94 (Tenn. 2014) (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Howard*, 604 S.W.3d at 58 (quoting *Strickland*, 466 U.S. at 694).

In this appeal, the Petitioner argues that the post-conviction court erred in denying his petition for relief. More specifically, he asserts that trial counsel was ineffective because he failed to seek a competency evaluation before the sentencing hearing and because he failed to request a continuance of the sentencing hearing after being charged with additional offenses. Importantly, in this Court, the Petitioner does not challenge his

- 6 -

underlying conviction or argue that his plea was constitutionally invalid. Instead, his issues relate to trial counsel's actions in preparing for the sentencing hearing. To that end, we address each of Petitioner's issues in turn.

## A.    FAILURE TO SEEK A COMPETENCY EVALUATION

The Petitioner first argues that the post-conviction court erred in finding that he was not denied the effective assistance of counsel when trial counsel failed to request a competency evaluation. He asserts that trial counsel was aware of his mental health issues and that "it is reasonable to suspect" that trial counsel knew that the Petitioner was not taking his medication. The Petitioner also argues that trial counsel "should have noticed" that the Petitioner was using drugs during the sentencing hearing.

In response, the State argues that the record supports the post-conviction court's findings. It asserts that the Petitioner introduced no proof that he was incompetent at any time and that the lower court credited trial counsel's testimony that he perceived no issues with the Petitioner's competency. Finally, the State argues that the Petitioner has failed to show prejudice because he has not demonstrated how the outcome of the proceeding would have been different had an evaluation occurred. We agree with the State.

As an initial matter, "[t]rial counsel has a duty to investigate and prepare a case, and this duty derives from counsel's basic function to make the adversarial testing process work in the particular case." *Nesbit*, 452 S.W.3d at 796 (citation and internal quotation marks omitted)). As such, "[a]lthough trial counsel does not have an absolute duty to investigate particular facts or a certain line of defense, counsel has a duty to conduct a reasonable investigation or make a reasonable decision rendering a particular investigation unnecessary." *E.g.*, *Bohanna v. State*, No. W2019-01200-CCA-R3-PC, 2021 WL 1698524, at *21 (Tenn. Crim. App. Jan. 27, 2021) (citing *Strickland*, 466 U.S. at 691), *perm. app. denied* (Tenn. May 14, 2021).

The duty to reasonably investigate the case generally "should be guided by the circumstances of the case, including information provided by the [petitioner], conversations with the [petitioner], and consideration of readily available resources." *Harbison v. State*, No. E2019-01683-CCA-R3-PC, 2020 WL 6747023, at *15 (Tenn. Crim. App. Nov. 17, 2020) (citation and internal quotation marks omitted), *perm. app. denied* (Tenn. Mar. 17, 2021). As such, evidence of a petitioner's past mental health issues "does not necessarily require counsel to ask for a competency hearing," particularly if "the petitioner's behavior does not reflect incompetence at the time of trial or while his attorney is preparing for trial." *Wilcoxson v. State*, 22 S.W.3d 289, 310 (Tenn. Crim. App. 1999). To this end, our cases have generally focused on the petitioner's ability to understand and communicate, and we have recognized that trial counsel does not render deficient

performance in failing to seek a competency evaluation in the following types of circumstances:

- when despite being aware of the petitioner's history including a childhood head injury, trial counsel "observed no effects of mental illness and had no question about the petitioner's competency," *Granderson v. State*, 197 S.W.3d 782, 791 (Tenn. Crim. App. 2006);

- when nothing during trial counsel's interactions with the petitioner "caused him concern with regard to the [p]etitioner's competency or mental health," and "the [p]etitioner was able to communicate with [trial counsel] about the case," *Taylor v. State*, No. W2018-00807-CCA-R3-PC, 2020 WL 628530, at *5 (Tenn. Crim. App. Feb. 10, 2020), *perm. app. denied* (Tenn. July 23, 2020);

- when despite prior diagnosed mental health conditions, the petitioner had no difficulty communicating with trial counsel, and counsel "did not observe anything to cause him to question the Petitioner's mental health status," *Jones v. State*, No. E2009-02083-CCA-R3-PC, 2011 WL 398034, at *5 (Tenn. Crim. App. Feb. 8, 2011), *perm. app. denied* (Tenn. June 1, 2011); and

- when the petitioner "communicated well, asked relevant questions about pretrial motions, understood the role of trial counsel, the prosecutor, and the trial judge, and possessed a strong command of the case," *McCurry v. State*, No. W2021-00130-CCA-R3-PC, 2022 WL 796317, at *12 (Tenn. Crim. App. Mar. 16, 2022), *perm. app. denied* (Tenn. July 13, 2022).

Indeed, even when trial counsel has reviewed the petitioner's prior mental health records, trial counsel may reasonably decide not to seek an evaluation where the records are not current and do not reflect "the [p]etitioner's mental acuity at the time of the guilty plea negotiations." *Bolton v. State*, No. E2022-00836-CCA-R3-PC, 2023 WL 2673150, at *9 (Tenn. Crim. App. Mar. 29, 2023), *no perm. app. filed*.

In this case, the post-conviction court concluded that trial counsel did not render deficient performance in failing to seek a competency evaluation because counsel had no reason to perceive any issues with the Petitioner's competency. In reaching this conclusion, the court implicitly credited trial counsel's testimony about his interactions with the Petitioner. In that testimony, trial counsel stated that he reviewed medical records provided by the Petitioner and that he was aware of the Petitioner's history of depression.

Trial counsel also said, however, that his review of the records raised no concern that the Petitioner was incompetent.

Trial counsel also testified that he met with the Petitioner some eight to ten times in addition to court appearances. He said that he did not believe the Petitioner's depression affected him at the time and that the Petitioner never showed any sign of suffering from a mental illness. Trial counsel further stated that the Petitioner did not have issues understanding him and that the Petitioner never appeared "to not understand what he was doing."

When asserting a claim of ineffective assistance of counsel, the Petitioner bears the burden of overcoming "the strong presumption that counsel provided adequate assistance." *Davidson*, 453 S.W.3d at 393. In this case, the Petitioner has not met this burden, and the record supports the post-conviction court's conclusion that trial counsel did not render deficient performance by not seeking a competency evaluation.

Because a post-conviction petitioner bears the burden of establishing *both* deficient performance and resulting prejudice, "a court need not address both concepts if the petitioner fails to demonstrate either one of them." *Garcia*, 425 S.W.3d at 257. As such, because the Petitioner has not shown that trial counsel rendered deficient performance, we pretermit any claim by the Petitioner that he suffered prejudice from trial counsel's actions. *Phillips*, 647 S.W.3d at 401 ("The petitioner must prove sufficient facts to support both the deficiency and prejudice prongs of the *Strickland* inquiry—or, stated another way, the post-conviction court need only determine the petitioner's proof is insufficient to support one of the two prongs to deny the claim."). We affirm the post-conviction court's judgment denying relief on this ground.

## B.     FAILURE TO SEEK A CONTINUANCE OF THE SENTENCING HEARING

The Petitioner next argues that he was denied the effective assistance of counsel when trial counsel failed to request a continuance of his sentencing hearing. He asserts that a continuance would have permitted him to resolve the new criminal charges brought against him and allowed him to participate in the drug court program.

In response, the State argues that the Petitioner has waived this claim by failing to present it in his post-conviction petition. It also asserts that the Petitioner did not orally amend his petition because the court did not rule on this issue in its written order. Alternatively, the State argues that the trial court denied the Petitioner's request for a drug court placement for reasons other than his ineligibility. We again agree with the State.

A post-conviction petitioner generally waives a ground for relief where he or she does not include the ground in the petition. *See* Tenn. Code Ann. § 40-30-110(c) ("Proof upon the petitioner's claim or claims for relief shall be limited to evidence of the allegations of fact in the petition."); Tenn. Sup. Ct. R. 28, § 8(D)(4) ("The hearing shall be limited to issues raised in the petition."). However, the petitioner may amend the petition within thirty days or at any other time upon a showing of good cause. *See* Tenn. Code Ann. § 40-30-107(b)(2). Also, the post-conviction court may permit an amendment to the petition, even during the evidentiary hearing, "when the presentation of the merits of the cause will otherwise be subserved." Tenn. Sup. Ct. R. 28, § 8(D)(5).

Importantly, though, this Court does not have the authority to consider a post-conviction issue that was not raised in the original petition or in a recognized amendment. *See State v. Bristol*, 654 S.W.3d 917, 927 n.4 (Tenn. 2022) ("The legislature has eliminated this discretion [to consider unpresented or unpreserved issues] in post-conviction proceedings."). Indeed, our supreme court has made clear that we may consider a post-conviction issue on appeal only when that issue (1) was formally raised in the post-conviction petition or an amendment; or (2) was argued at the evidentiary hearing *and* was decided by the post-conviction court without objection by the State. *See Holland v. State*, 610 S.W.3d 450, 458 (Tenn. 2020) ("Tennessee appellate courts may only consider issues that were not formally raised in the post-conviction petition if the issue was argued at the post-conviction hearing and decided by the post-conviction court without objection.").

In this case, the record does not show that the Petitioner properly preserved this claim for appellate review in either way. First, the Petitioner did not formally raise any claim in his post-conviction petition that he was denied the effective assistance of counsel when trial counsel failed to ask for a continuance of the sentencing hearing. The issue was not raised in the original 2017 petition or in the 2018 amended petition, which, respectively, related to the validity of the Petitioner's plea and trial counsel's failure to seek a competency evaluation.

At the evidentiary hearing, the Petitioner's counsel referenced another amended petition raising this issue that was filed on "July 28th or July 29th," and the State acknowledged receiving a copy of that pleading. However, the post-conviction court observed that no amendment was filed with the clerk, and no amended petition filed after February 2018 appears in the appellate record.

As the appellant, the Petitioner has the burden "to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). A complete appellate record is important, if not essential, because "[w]hat is in the record sets the boundaries for what the appellate courts may review, and thus *only evidence contained therein* can be considered." *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005)

- 10 -

(emphasis added). Because no amended petition appears in the record raising this issue, we conclude that the Petitioner has not preserved this issue for appellate review by showing that it was formally raised in the post-conviction petition or a formal amendment.

Second, the Petitioner did not preserve this issue through an informal amendment by litigation and decision at the post-conviction hearing. We have previously recognized that where the post-conviction court confines its written order to the issues formally raised in the petition, we have no authority to review other issues that were informally raised by the parties at the evidentiary hearing. *See, e.g.*, *Morris v. State*, No. W2022-00208-CCA-R3-PC, 2023 WL 2733503, at *36 (Tenn. Crim. App. Mar. 31, 2023) (finding waiver when the petitioner addressed an issue at the post-conviction hearing, but the issue was not contained in the petition or addressed in the post-conviction court's written order), *no perm. app. filed*; *Jones v. State*, No. W2020-01743-CCA-R3-PC, 2022 WL 99977, at *5 (Tenn. Crim. App. Jan. 11, 2022) ("This issue is waived. Even though the issue was discussed at the post-conviction hearing and the State failed to object, the issue was not raised in a petition for post-conviction relief, and the post-conviction court did not rule on it."), *perm. app. denied* (Tenn. May 18, 2022). In this case, the Petitioner raised the continuance issue at the hearing, but the post-conviction court did not address or decide this informally raised issue in its final order. Accordingly, we conclude that the Petitioner has waived any claim that trial counsel was ineffective in failing to request a continuance of his sentencing hearing.

## CONCLUSION

In summary, we hold that the record does not preponderate against the post-conviction court's finding that the Petitioner was not denied the effective assistance of counsel during his sentencing hearing. Accordingly, because the Petitioner's conviction or sentence is not void or voidable because of the violation of a constitutional right, we respectfully affirm the denial of post-conviction relief in all respects.

_____
TOM GREENHOLTZ, JUDGE