# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 8, 2014

## GUADALUPE ARROYO v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**No. 84012      Bob R. McGee, Judge**

---

**No. E2012-02703-SC-R11-PC - Filed May 21, 2014**

---

The defendant pleaded guilty to two counts of vehicular homicide. The trial court sentenced the defendant to two consecutive twelve-year terms for an effective sentence of twenty-four years. The defendant twice appealed the sentence to the Court of Criminal Appeals, which twice remanded the case to the trial court for resentencing. Each time, the trial court imposed a twenty-four-year sentence. The defendant did not appeal the third sentencing order. Later, the defendant filed a petition for post-conviction relief, alleging that his trial counsel provided ineffective assistance of counsel by failing to appeal the third sentencing order. At the post-conviction hearing, trial counsel testified that he and the defendant discussed the futility of a third appeal and the defendant agreed that no appeal would be filed. The defendant denied that he and his trial counsel discussed a third appeal. Trial counsel did not file a Tenn. R. Crim. P. 37(d)(2) waiver of appeal. The post-conviction court found trial counsel to be more credible than the defendant. Based on that finding, the trial court dismissed the petition, ruling that the defendant knew of his right to appeal and waived that right. The Court of Criminal Appeals affirmed. We hold that the defendant had the burden of proving by clear and convincing evidence that he did not know of his right to appeal or that he otherwise did not waive that right. His trial counsel's failure to file a written waiver of appeal was not per se deficient performance, but was a fact properly considered by the trial court on the issue of whether trial counsel rendered effective representation. Based on the credibility determinations made by the post-conviction court, we hold that the defendant failed to prove by clear and convincing evidence his allegations of ineffective representation. The judgments of the trial court and the Court of Criminal Appeals are affirmed.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed

SHARON G. LEE, J., delivered the opinion of the Court, in which JANICE M. HOLDER, CORNELIA A. CLARK, and WILLIAM C. KOCH, JR., JJ., joined. GARY R. WADE, C.J., filed a separate dissenting opinion.

Joseph Liddell Kirk, Knoxville, Tennessee, for the appellant, Guadalupe Arroyo.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Randall E. Nichols, District Attorney General; and Philip Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On October 31, 2000, Mr. Arroyo drove through two red lights and crashed into another vehicle at an intersection in downtown Knoxville. The driver and passenger in the other vehicle were killed in the collision. Mr. Arroyo admitted to drinking ten beers that day and had a blood alcohol level of 0.18 percent. In January 2002, Mr. Arroyo pleaded guilty to two counts of vehicular homicide. The trial court sentenced him to two consecutive twelve-year terms for a total effective sentence of twenty-four years.

Mr. Arroyo's twenty-four-year sentence led to a series of appeals. In Mr. Arroyo's first appeal, his appointed counsel ("Trial Counsel") argued that the trial court erred by imposing the maximum sentence for each conviction and by ordering consecutive sentences. On March 27, 2003, the Court of Criminal Appeals remanded the case for resentencing after finding that the trial court misapplied certain enhancement factors and failed to consider the factors required by *State v. Wilkerson*, 905 S.W.2d 933 (Tenn. 1995), before imposing consecutive sentencing. *State v. Guadalupe Arroyo*, No. E2002-00639-CCA-R3-CD, 2003 WL 1563209 (Tenn. Crim. App. Mar. 27, 2003).

On remand, the trial court held a second sentencing hearing and again imposed an effective sentence of twenty-four years. Trial Counsel filed a second appeal for Mr. Arroyo. On August 30, 2004, the Court of Criminal Appeals remanded the case to the trial court for resentencing because the court had again failed to make specific findings of fact based on the *Wilkerson* factors. *State v. Guadalupe Arroyo*, No. E2003-02355-CCA-R3-CD, 2004 WL 1924033 (Tenn. Crim. App. Aug. 30, 2004).

After the second remand, there was no sentencing hearing. On January 21, 2005, Trial Counsel wrote the trial judge a letter, asking him to consider ordering concurrent rather than consecutive sentences. On February 24, 2005, the trial court issued an order again imposing consecutive sentences for an effective sentence of twenty-four years. The trial court found that consecutive sentencing was reasonably related to the severity of the offenses and necessary to protect the public because Mr. Arroyo had engaged daily in underage drinking and driving without a license and was in the country illegally.

No appeal was filed from the third sentencing order. On April 4, 2006, Mr. Arroyo filed a pro se post-conviction petition alleging that Trial Counsel had provided ineffective assistance by failing to appeal the third sentencing order. The post-conviction court summarily denied the petition, finding that it was barred by the one-year statute of limitations. Mr. Arroyo appealed, and the Court of Criminal Appeals reversed and remanded the case to the post-conviction court, finding that it had failed to consider the facts and allegations presented in the petition. *Guadalupe Arroyo v. State*, No. E2006-01037-CCA-R3-PC, 2007 WL 3144999 (Tenn. Crim. App. Oct. 29, 2007).

On January 23, 2008, the post-conviction court appointed counsel for Mr. Arroyo and gave counsel time to amend the original petition. Counsel failed to timely amend the petition, and the post-conviction court dismissed the case. Mr. Arroyo appealed, and the Court of Criminal Appeals reversed and remanded the case to the post-conviction court to allow any necessary amendments to the post-conviction petition and for an evidentiary hearing. *Guadalupe Arroyo v. State*, No. E2008-01220-CCA-R3-PC, 2009 WL 2503152 (Tenn. Crim. App. Aug. 17, 2009). Following the second remand, Mr. Arroyo, through counsel, filed an amended petition alleging that he was denied effective assistance of counsel because Trial Counsel failed to appeal the third sentencing order.

On October 11, 2012, the post-conviction court conducted an evidentiary hearing. Mr. Arroyo testified that Trial Counsel did not communicate with him after the second appeal. Mr. Arroyo stated that he did not tell Trial Counsel not to appeal his case, and further testified that he was unaware of Trial Counsel's letter to the trial judge and received no correspondence from Trial Counsel regarding the appeal.

Trial Counsel, who had been practicing law for thirty-seven years, testified that he met with Mr. Arroyo in the Knox County courthouse after the second sentencing hearing. Trial Counsel said, "I told him, I said, we have appealed this twice. You have the right to appeal again, but I said I really don't believe that you would get anywhere with it." According to Trial Counsel, Mr. Arroyo "more or less assented" and "pretty much agreed." Trial Counsel testified that Mr. Arroyo did not ask him not to appeal, but that he "more or less agreed that we wouldn't get anywhere after two appeals." Trial Counsel neither asked Mr. Arroyo to sign a waiver of appeal nor did he speak to Mr. Arroyo after the trial court issued the third sentencing order. Trial Counsel explained that he sent Mr. Arroyo a letter confirming that there would be no further appeal but did not retain a copy of the letter as it was his office policy to destroy client files after five years. He received no reply from Mr. Arroyo.

On November 29, 2012, the post-conviction court denied Mr. Arroyo post-conviction relief, ruling that he had waived his right to appeal the third sentencing order and failed to show by clear and convincing evidence that Trial Counsel was ineffective. The post-conviction court, finding the testimony of Trial Counsel more credible than the testimony of

Mr. Arroyo, concluded that Trial Counsel and Mr. Arroyo discussed the chances of success on a third appeal and Mr. Arroyo decided not to appeal.

Mr. Arroyo appealed the dismissal of his post-conviction petition. The Court of Criminal Appeals held that Trial Counsel's failure to file a written waiver of appeal as required by Tenn. R. Crim. P. 37(d)(2) did not violate Mr. Arroyo's right to effective assistance of counsel. The Court of Criminal Appeals, deferring to the credibility determinations of the post-conviction court, affirmed the decision of the post-conviction court. *Guadalupe Arroyo v. State*, No. E2012-02703-CCA-R3-PC, 2013 WL 3486933 (Tenn. Crim. App. July 10, 2013). We granted Mr. Arroyo's Tenn. R. App. P. 11 application.

## ANALYSIS

The Tennessee Post-Conviction Procedure Act provides that relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2012). In a post-conviction hearing, the petitioner has the burden of proving the allegations of fact by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2012). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)). In order for evidence to be clear and convincing, it must eliminate any "serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *State v. Sexton*, 368 S.W.3d 371, 404 (Tenn. 2012). Whether evidence is clear and convincing is a question of law that courts review de novo without a presumption of correctness. *Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 410-11 (Tenn. 2013). "The reviewing court presumes the trial court's underlying factual findings are correct (unless the evidence preponderates against them), and then determines *de novo* whether these facts establish [ineffective assistance of counsel] by clear and convincing evidence." *Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 515 n.69 (Tenn. 2013). An ineffective assistance of counsel claim is a mixed question of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). A post-conviction court's findings of fact are reviewed de novo with a presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)). A post-conviction court's conclusions of law are reviewed under a pure de novo standard with no presumption of correctness. *Id*. Questions concerning the credibility of witnesses and the weight and value of their testimony are the province of trial judges. *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997).

The Sixth Amendment of the United States Constitution and Article I, section 9 of the Tennessee Constitution guarantee defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686-87 (1984); *Baxter v. Rose*, 523

S.W.2d 930, 936 (Tenn. 1975). A defendant has the right to effective assistance of counsel at trial and on appeal. *Cooper v. State*, 849 S.W.2d 744, 746 (Tenn. 1993). "There is no constitutional right to appeal, but where appellate review is provided by statute, the proceedings must comport with constitutional standards." *Serrano v. State*, 133 S.W.3d 599, 604 (Tenn. 2004). Because a defendant has a statutory right to appeal, an attorney has an obligation to consult with the defendant about an appeal following a conviction. Tenn. Code Ann. § 40-14-203 (2012); *see also Collins v. State*, 670 S.W.2d 219, 221 (Tenn. 1984). After an attorney consults with a defendant about an appeal, the attorney should follow the defendant's directives. If the defendant wishes to appeal, the attorney should file a notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (noting that "a lawyer who disregards specific instructions from the defendant about whether to file a notice of appeal acts in a manner that is professionally unreasonable").

When a defendant chooses to waive the right to appeal, Tenn. R. Crim. P. 37(d)(2) requires the defendant's attorney to file a written waiver of appeal.[1] The Rule provides:

> If an indigent or nonindigent defendant who has the right to appeal a conviction chooses to waive the appeal, counsel for the defendant shall file with the clerk, during the time within which the notice of appeal could have been filed, a written waiver of appeal, which must:
>
> (A) clearly reflect that the defendant is aware of the right to appeal and voluntarily waives it; and
> (B) be signed by the defendant and the defendant's counsel of record.

Compliance with Rule 37(d)(2) helps to ensure that a defendant's waiver of the right to appeal is knowing and voluntary. *Jenkins v. State*, No. 01C01-9405-CR-00156, 1995 WL 218500, at *3 (Tenn. Crim. App. April 13, 1995) (citing *Collins*, 670 S.W.2d at 221). Compliance also minimizes any uncertainty or confusion as to whether the defendant was advised of his right to appeal and chose to waive it – such as in this case. Failure to comply with Rule 37(d)(2) is not per se deficient performance. *Rainer v. State*, 958 S.W.2d 356, 357 (Tenn. Crim. App. 1997); *Henry v. State*, No. E2009-01082-CCA-R3-PC, 2010 WL 3919201, at *5 (Tenn. Crim. App. Oct. 7, 2010); *Greer v. State*, No. M2003-03057-CCA-R3-

---

[1] Rule 37(d) applies to a judgment on a "guilty verdict." The issue of whether Rule 37(d)(2) applies to the waiver of an appeal following a remand from the Court of Criminal Appeals for resentencing has not been raised as an issue, and therefore, we do not address it.

PC, 2005 WL 468299, at *3 (Tenn. Crim. App. Feb. 23, 2005).[2] However, attorneys are strongly advised to comply with the Rule.

Following a conviction or imposition of a sentence, an attorney has an obligation to promptly advise the defendant of the court's decision if the ruling is not made in the defendant's presence. Then the attorney must advise the defendant of the right to appeal and discuss the likelihood of success so that the defendant can make an informed decision about whether to pursue or waive an appeal. If the defendant decides to appeal, the attorney must file the notice of appeal[3] or promptly withdraw.[4] If the defendant chooses not to appeal, then the attorney and the defendant should sign a Tenn. R. Crim. P. 37(d)(2) written waiver of appeal, which the attorney should file with the clerk of the trial court in accordance with Tenn. R. App. P. 4(a). *See* 11 David Louis Raybin, *Tennessee Practice: Criminal Practice and Procedure* § 33.37, at 509-10 (2008).

The issue before us is whether Trial Counsel's failure to appeal was ineffective representation. To prove his claim, Mr. Arroyo had to satisfy a two-part test. First, he had to show that Trial Counsel's performance was deficient. *Strickland*, 466 U.S. at 687. Deficiency means that the attorney performed "below the range of competence demanded of attorneys in criminal cases." *Baxter*, 523 S.W.2d at 936. Second, Mr. Arroyo had to show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. Both deficiency and prejudice must be shown to establish a viable claim of ineffective assistance of counsel. *Garcia v. State*, _ S.W.3d _, 2013 WL 6795210, at *6 (Tenn. 2013); *Henley*, 960 S.W.2d at 579.

The Court of Criminal Appeals has held that in the absence of a filed waiver of appeal, the record must "clearly and unambiguously" show that the defendant knew of his or her right to appeal and intended to waive that right. *Hanke v. State,* W2009-02659-CCA-

---

[2] Other jurisdictions have recognized that failure to follow a rule of procedure is not per se deficient performance. *Lafferty v. State,* 175 P.3d 530, 538 (Utah 2007) (finding no deficiency for counsel's failure to comply with Utah R. Crim. P. 8 regarding qualifications for counsel in capital cases); *Burke v. State*, 925 A.2d 890, 893 (R.I. 2007) (finding that an attorney's failure to file a motion for reduced sentence under Rhode Island Super. R. Crim. P. Rule 35 is not per se deficient); *People v. Hickey*, 792 N.E.2d 232, 259 (Ill. 2001) (finding that violations of criminal rules of procedure do not necessarily warrant post-conviction relief, as safeguards in rules of procedure are broader than the constitutional rights they protect).

[3] Tenn. R. Crim. P. 37(d)(1) provides: "If an appeal is sought, the defendant in person or by counsel shall file a timely notice of appeal with the clerk . . ."

[4] The Advisory Commission Comments to Tenn. R. Crim. P. 37 explain: "Counsel considering withdrawal or termination of representation should consult Tenn. Sup. Ct. R. 14 (procedure for withdrawal in Court of Appeals and Court of Criminal Appeals) and Tenn. Sup. Ct. R. 8, RPC § 1.16 (declining and terminating representation)."

R3-PC, 2011 WL 2476031, at *6 (Tenn. Crim. App. June 22, 2011); *Tears v. State,* No. M2003-02291-CCA-R3-PC, 2004 WL 2544677, at *5 (Tenn. Crim. App. Nov. 10, 2004); *Taylor v. State*, W2000-01991-CCA-R3-PC, 2001 WL 468653, at *5 (Tenn. Crim. App. May 3, 2004); *Purdy v. State*, 02C01-9807-CC-00211, 1999 WL 188177, at *3 (Tenn. Crim. App. April 7, 1999); *Hendrix v. State*, No. 01C01-9708-CR-00343, 1998 WL 707802, at *2 (Tenn. Crim. App. Oct. 9, 1998); *Harrill v. State*, No. 03C01-9605-CC-00185, 1997 WL 332040, at *4 (Tenn. Crim. App. June 18, 1997); *Jenkins v. State*, 01C01-9405-CR-00156, 1995 WL 218500, *3 (Tenn. Crim. App. April 13, 1995).  These cases are not consistent with Tenn. Code Ann. § 40-30-110(f), which requires that a defendant prove his or her factual allegations by clear and convincing evidence.  To be clear, when a defendant's counsel fails to file a written waiver of appeal, the defendant does not get a free pass or a lower standard of proof; the burden remains on the defendant to establish factual allegations by clear and convincing evidence.

Turning now to the proof in this case, Mr. Arroyo had the burden to show by clear and convincing evidence that he did not know of the right to appeal and did not waive that right.  First, we hold that Mr. Arroyo failed to prove by clear and convincing evidence that he did not know of his right to appeal.  Mr. Arroyo had twice appealed his sentence to the Court of Criminal Appeals and, therefore, knew he had a right to appeal.  Second, we hold that Mr. Arroyo failed to prove by clear and convincing evidence that he did not waive his right to appeal.  The post-conviction court accredited the testimony of Trial Counsel that he consulted with Mr. Arroyo about a third appeal and that Mr. Arroyo agreed that another appeal would be futile.  We defer to the credibility determinations of the trial court, which had the opportunity to hear the testimony of both Mr. Arroyo and Trial Counsel.  These findings of fact come to us with a presumption of correctness.  *Nichols v. State*, 90 S.W.3d 576, 586 (Tenn. 2002) (citing *Burns*, 6 S.W.3d at 461).  Trial Counsel's failure to file a written waiver of appeal is a fact that the trial court properly considered, but that fact, in and of itself, is insufficient to show deficient performance.  Because Mr. Arroyo did not prove that Trial Counsel's performance was deficient, we need not address the prejudice prong.  *Zagorski v. State*, 983 S.W.2d 654, 659 (Tenn. 1998).

## CONCLUSION

We affirm the judgment of the Court of Criminal Appeals dismissing Mr. Arroyo's petition for post-conviction relief.  Because Mr. Arroyo is indigent, costs of this appeal are taxed to the State of Tennessee, for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE