IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 13, 2015

**KARLOS D. MCMAHON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Bedford County**
**No. 17733      Forest A. Durard, Jr., Judge**

_____

**No. M2014-02316-CCA-R3-PC – Filed June 17, 2015**

_____

Karlos D. McMahon ("the Petitioner") pleaded guilty to several counts of sale of cocaine in case numbers 17268 and 17478. Subsequent to entering his guilty pleas, the Petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel. After a hearing, the post-conviction court denied the petition. Upon a thorough review of the record and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Roger Clay Parker, Shelbyville, Tennessee, for the appellant, Karlos D. McMahon.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Robert Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

_Plea Submission Hearing_

This case involved one indictment in case number 17268 and one criminal information in case number 17478 filed against the Petitioner after the Petitioner

participated in several controlled drug buys.[1]  The Petitioner was represented by different counsel in each case.  Before entering the guilty pleas, the trial court conducted a plea colloquy with the Petitioner, and the Petitioner indicated that he understood his rights but wished to waive them and enter the guilty pleas.  The Petitioner also affirmed that he did not have any complaints about the way his attorneys had represented him, that he did not have any difficulty communicating with them about the cases, that he had been able to talk to them in order to decide whether to enter guilty pleas, and that there was no other research or investigation they could have done on the cases.  Pursuant to the plea agreement, the Petitioner pleaded guilty and was sentenced as follows:

| Case No. | Conviction | Sentence |
|---|---|---|
| 17268 (Count 1) | Sale of less than .5 grams of cocaine | 4 years at 30% |
| 17268 (Count 3) | Sale of .5 grams or more of cocaine | 8 years at 30% |
| 17268 (Count 5) | Sale of .5 grams or more of cocaine | 8 years at 30% |
| 17268 (Count 7) | Sale of .5 grams or more of cocaine | 8 years at 30% |
| 17478 | Sale of .5 grams or more of cocaine | 8 years at 30% |

In case number 17268, the trial court ordered Counts 3, 5, and 7 to run concurrently with each other but consecutively to Count 1.  The court further ordered case number 17478 to run consecutively to case number 17268, for an effective sentence of twenty years to be served at 30%.

*Post-Conviction Proceedings*

The Petitioner filed a pro se petition for post-conviction relief alleging, among other things, ineffective assistance of counsel.  Post-conviction counsel was subsequently appointed to represent the Petitioner.  At the beginning of the post-conviction hearing, the Petitioner informed the post-conviction court that he was proceeding solely on his ineffective assistance of counsel claims.

Appointed counsel testified that she worked for the public defender's office.  She was appointed to represent the Petitioner in case number 17268, but the Petitioner hired retained counsel to represent him during the preliminary hearing.  Retained counsel conducted the preliminary hearing, and the case was bound over to the grand jury.  Following the Petitioner's indictment, appointed counsel was again appointed to

---

[1] The information regarding the charges and the plea agreement is gleaned from the transcript of the plea acceptance hearing and the post-conviction court's order because the indictment, information, judgment sheets, and plea agreement forms are not included in the record on appeal.  See Walter Leon Cross v. State, W2011-00833-CCA-R3-PC, 2011 WL 6147021, at *1 n.1 (Tenn. Crim. App. Dec. 6, 2011), perm. app. denied (Tenn. April 12, 2012) (relying on plea transcript and post-conviction court's order for information regarding charges and the plea agreement because the record did not contain the indictment, judgments, and plea agreement forms).

represent the Petitioner in circuit court, but the Petitioner's family again hired retained counsel, who set the case for trial.

While the trial was pending in case number 17268, the Petitioner was arrested on several charges[2] in case number 17478. Appointed counsel was appointed to represent the Defendant on the new charges. In the week before the Petitioner's trial was scheduled to begin in case number 17268, appointed counsel participated in plea negotiations with the State and retained counsel. As a result of those negotiations, the Petitioner's charge for sale of .5 grams or more of cocaine in case number 17478 proceeded to circuit court by criminal information, and the remaining charges in case number 17478 were dismissed. Additionally, the State agreed not to prosecute the Petitioner on other drug offenses that had not yet been charged. Appointed counsel felt that she "did a whole lot with the case" because all but one of the Petitioner's charges in case number 17478 were dismissed.

On cross-examination, appointed counsel explained that, before retained counsel was hired to represent the Petitioner in circuit court for case 17268, appointed counsel requested and received discovery in that case, and had become familiar with the facts of case number 17268. Once appointed counsel was appointed to represent the Petitioner in case number 17478, she was concerned that the charges from case number 17268 could increase the Petitioner's sentence exposure for case number 17478. Her goal in having the Petitioner plead to both cases at the same time was to avoid the Petitioner being classified as a Range II offender in case number 17478.

Retained counsel testified that she was retained to represent the Petitioner in general sessions court for case number 17268. She conducted a preliminary hearing, and the case was bound over to the grand jury. After the case was bound over, the Petitioner again hired retained counsel to represent him. The public defender's office had already received discovery for the case, which they gave to retained counsel. Retained counsel then reviewed the discovery with the Petitioner and gave him a copy of the same. At the time, the Petitioner understood the charges against him and said he wanted to take the case to trial.

While investigating the case, retained counsel discovered that the confidential informant ("CI") who participated in the controlled drug buys had fourteen pending charges against him. Retained counsel hoped to use that information at trial to show that the CI had a motive to help the Drug Task Force bring charges against the Petitioner, but the Petitioner instructed her not to speak with the CI. Retained counsel also argued a motion to suppress in circuit court.

---

[2] The record does not clearly indicate what the new charges were, except that the Petitioner was charged with sale of cocaine.

Retained counsel could not recall whether she had met with the Petitioner between April 2012 and the plea negotiations on September 3, 2012. However, she stated that she was prepared for trial, which was scheduled to begin on September 10, 2012. She recalled that, once the Petitioner was arrested on the new charges in case number 17478, he approached retained counsel and told her he no longer wanted a jury trial for case number 17268. Instead, he asked that she negotiate a plea agreement that would allow both cases to be disposed of at the same time. Retained counsel and appointed counsel met with the Petitioner and explained his possible sentence exposure. Ultimately, they were able to negotiate a plea agreement on his behalf.

On cross-examination, retained counsel stated that she thoroughly investigated the case. She also felt that, because the Petitioner had no prior felony record, he could have received a relatively lenient sentence if he had gone to trial. Retained counsel stated that she "worked very closely" with the Petitioner as she prepared for trial. The Petitioner understood the plea agreement and made a reasoned decision to accept it. It was clear to retained counsel that, once the Petitioner accrued more charges, he did not want to go to trial in either case.

In a written order, the post-conviction court denied post-conviction relief. Specifically, the post-conviction court found that there was "no showing trial counsel failed to investigate the matter." Consequently, there was nothing in the record to show deficient representation or to suggest that the Petitioner suffered any prejudice. This timely appeal followed.

## Analysis

On appeal, the Petitioner argues that he received ineffective assistance of counsel from retained counsel. It appears that the Petitioner may also allege that he received ineffective assistance of counsel from appointed counsel. However, the Petitioner is not entitled to relief on either claim.

### Appointed Counsel

On appeal, the Petitioner seems to contend that appointed counsel rendered ineffective assistance of counsel. However, in his brief, the Petitioner fails to provide any citation to the record, citation to authority, or argument to support a claim that appointed counsel's representation was ineffective. Therefore, the issue is waived. See Tenn. Ct. Crim. App. R. 10(b).

### Retained Counsel

We turn next to the Petitioner's claim that retained counsel rendered ineffective assistance of counsel. The Petitioner claims that retained counsel was not prepared for

trial and that she failed to meet with the Petitioner in the five months before plea negotiations.

In order to prevail on a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. Jaco v. State, 120 S.W.3d 828, 830 (Tenn. 2003). Whether the petitioner has met his burden of proof is a question of law that this Court reviews *de novo*. Arroyo v. State, 434 S.W.3d 555, 559 (Tenn. 2014). Post-conviction relief cases often present mixed questions of law and fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). As such, we review a trial court's findings of fact under a *de novo* standard with a presumption that those findings are correct unless otherwise proven by a preponderance of the evidence. Id. (citing Tenn. R. App. P. 13(d); Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997)). The trial court's conclusions of law are reviewed "under a purely *de novo* standard, with no presumption of correctness . . . ." Id.

The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In order to receive post-conviction relief for ineffective assistance of counsel, a petitioner must prove two factors: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (stating that the same standard for ineffective assistance of counsel applies in both federal and Tennessee cases). Both factors must be proven in order for the court to grant post-conviction relief. Strickland, 466 U.S. at 687; Henley, 960 S.W.2d at 580; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

As to the first prong of the Strickland analysis, "counsel's performance is effective if the advice given or the services rendered are within the range of competence demanded of attorneys in criminal cases." Henley, 960 S.W.2d at 579 (citing Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)); see also Goad, 938 S.W.2d at 369. In order to prove that counsel was deficient, the petitioner must demonstrate "that the counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688); see also Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

Even if counsel's performance is deficient, the deficiency must have resulted in prejudice to the defense. Goad, 938 S.W.2d at 370. Therefore, under the second prong of the Strickland analysis, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694) (internal quotation marks omitted). In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's

errors, he would have not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In this case, the Petitioner has failed to satisfy his burden of proof as to both prongs of the test. First, retained counsel represented that she was prepared for trial, and the Petitioner presented no proof to refute her claim. Additionally, the record reflects that retained counsel investigated the case and found a viable defense strategy when she discovered that the CI had charges pending against him. However, the Petitioner instructed retained counsel not to question the CI. Additionally, even though retained counsel could not recall if she met with the Petitioner in the five months before his scheduled trial, the record reflects that she communicated with him because he asked her to negotiate a plea agreement. As to the second prong, the Petitioner has failed to prove how he was prejudiced by retained counsel's representation. The record reflects that, once the Petitioner was arrested in case number 17478, he explicitly asked retained counsel to negotiate a plea agreement which would allow both cases to be disposed of at the same time. The Petitioner decided to plead guilty, and there is absolutely no evidence in the record to indicate that, but for counsel's errors, he would have insisted on taking the case to trial. See id. Therefore, the Petitioner is not entitled to relief.

## Conclusion

For the aforementioned reasons, the judgment of the post-conviction court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE