IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2025

## JACQUIZ MCBEE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
No. 128718   Steven W. Sword, Judge

_____

**No. E2024-01620-CCA-R3-PC**

_____

In 2017, the Petitioner, Jacquiz McBee, pled guilty to aggravated assault and was placed on judicial diversion for a period of three years. Following his later conviction for another crime in April 2022, the trial court rescinded the diversion, entered an adjudication of guilt, and sentenced the Defendant to serve a term of three years for the aggravated assault conviction. In 2024, the Petitioner filed a petition for post-conviction relief, alleging, among other things, that he was denied the effective assistance of counsel in his aggravated assault case and that his original plea was invalid. The post-conviction court summarily dismissed the petition as being untimely, and the Petitioner appealed. Upon our review, we agree that the post-conviction petition was untimely and that principles of due process did not toll the running of the statute of limitations. We respectfully affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and JILL BARTEE AYERS, JJ., joined.

Jacquiz McBee, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Charme P. Allen, District Attorney General; and Rachel S. Hill, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

# FACTUAL BACKGROUND

As alleged in the petition for post-conviction relief, the Petitioner entered a guilty plea to aggravated assault on December 7, 2017. The trial court accepted the plea and placed him on judicial diversion for a period of three years. *See* Tenn. Code Ann. § 40-35-313.

During the diversionary period, the Petitioner was charged and convicted of first degree murder in an unrelated case. Based on that conviction, the trial court revoked the diversion and imposed a three-year sentence for aggravated assault. The court further ordered the life sentence for the murder conviction to be served consecutively to the aggravated assault sentence. Judgment on the aggravated assault conviction was entered on April 9, 2021, and the Petitioner did not appeal the revocation of his diversion.

## A.   THE PETITION FOR POST-CONVICTION RELIEF

Over three years later, on September 10, 2024, the Petitioner filed a pro se petition for post-conviction relief. He challenged both his December 2017 plea agreement and the April 2021 judgment. The Petitioner admitted that his filing was outside the one-year statute of limitations. He argued, however, that due process required tolling of the statute because the State breached the plea agreement when it reimposed his three-year sentence after the sentence had already expired.

In his petition, the Petitioner raised three principal categories of claims. First, he alleged that he was denied the effective assistance of counsel. He asserted that his lawyer was deficient in failing to argue that his probation had expired before the diversion was revoked. He also argued that counsel failed to file a timely post-conviction petition to challenge the plea agreement as being unknowing and involuntary, failed to ensure that the agreement was enforceable under Tennessee law, and failed to contest the plea offer as illusory and unenforceable. The Petitioner maintained that, taken together, these deficiencies violated his right to counsel.

Second, he challenged the validity of his original plea. The Petitioner alleged that his guilty pleas were not knowingly and voluntarily entered.

Third, the Petitioner alleged a material breach of the plea agreement. He argued that the State, in seeking to revoke his diversion after the diversion period had expired, materially violated the terms of his 2017 plea agreement. He further claimed that the breach unlawfully extended his sentence, denied him sentence reduction credits, and subjected him to the authority of the parole board.

## B.    THE POST-CONVICTION COURT'S ORDER

The post-conviction court reviewed the petition and summarily dismissed it without an evidentiary hearing. In its written order filed on September 25, 2024, the court found that the judgment of conviction was entered on April 9, 2021, and became final thirty days later because the Petitioner did not seek an appeal. The court determined that the 2024 petition for post-conviction relief was "well beyond" the one-year statute of limitations provided in Tennessee Code Annotated section 40-30-102(a). The court therefore dismissed the petition as being time-barred.

The Petitioner filed a timely notice of appeal on October 25, 2024.

## STANDARDS OF APPELLATE REVIEW

Our supreme court has recognized that "the first question for a reviewing court on any issue is 'what is the appropriate standard of review?'" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). In this case, the issues are whether the post-conviction petition was timely filed within the one-year statute of limitations and, if not, whether principles of due process tolled the running of the statute of limitations. We review the first issue under a de novo standard of review. *See, e.g.*, *McCoy v. State*, No. W2019-00574-CCA-R3-PC, 2020 WL 1227304, at *1 (Tenn. Crim. App. Mar. 11, 2020), *no perm. app. filed*. The second issue is a mixed question of law and fact that we also review under a de novo standard. *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013).

## ANALYSIS

The Tennessee Post-Conviction Procedure Act ("the Act") provides an avenue for relief "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2018). A post-conviction petitioner has the burden of proving his or her allegations of fact with clear and convincing evidence. *Id.* § 40-30-

110(f) (2018). For evidence to be clear and convincing, "it must eliminate any 'serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Arroyo v. State*, 434 S.W.3d 555, 559 (Tenn. 2014) (quoting *State v. Sexton*, 368 S.W.3d 371, 404 (Tenn. 2012)).

In this appeal, the Petitioner acknowledges that his post-conviction petition was filed beyond the one-year statute of limitations but argues that due process principles nevertheless require tolling. He contends that the State breached his 2017 plea agreement when the trial court reimposed his three-year sentence in 2021, and he asserts that the continuing consequences of that breach—including an unlawful extension of his sentence—constitute extraordinary circumstances warranting tolling.

The State responds that the petition is untimely on its face. It also argues that the Petitioner has identified no later-arising claim, mental incompetence, or attorney misconduct that would justify tolling under Tennessee law. We agree with the State.

## A. POST-CONVICTION STATUTE OF LIMITATIONS

We begin with the threshold question of timeliness. Under the Act, when a defendant does not pursue a direct appeal, a petition for post-conviction relief must be filed "within one (1) year of the date on which the judgment became final[.]" Tenn. Code Ann. § 40-30-102(a) (2018). The Tennessee Supreme Court has clarified that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001), a*brogated on other grounds by Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 511-13 (Tenn. 2013).

In other words, timeliness is not a waivable defense; it is a statutory condition on the exercise of the post-conviction remedy. Tenn. Code Ann. § 40-30-102(a). As such, because the filing deadline is a jurisdictional matter, courts must first resolve the question of timeliness before addressing the merits of any claim. *See Taylor v. State*, No. E2024-00343-CCA-R3-PC, 2024 WL 4836520, at *2 (Tenn. Crim. App. Nov. 20, 2024), *no perm. app. filed*.

When no appeal is taken, a judgment becomes final thirty days after the court clerk files it. *State v. Stephens*, 264 S.W.3d 719, 729 (Tenn. Crim. App. 2007). In this case, the judgment was filed on April 9, 2021, and became final on May 9, 2021. The Petitioner therefore had until May 9, 2022, to file a timely post-conviction petition. *See Purcell v.*

*State*, No. E2021-00996-CCA-R3-PC, 2022 WL 2718658, at *4 (Tenn. Crim. App. July 13, 2022), *perm. app. denied* (Tenn. Dec. 19, 2022). Instead, he filed his petition on September 10, 2024—more than two years after the limitations period expired. We agree with the post-conviction court that the petition is untimely on its face.

## B.    DUE PROCESS TOLLING OF THE STATUTE OF LIMITATIONS

Having determined that the petition is untimely on its face, we turn to the Petitioner's argument that due process principles nevertheless require tolling of the limitations period. Our supreme court has emphasized that "[a] petitioner has no fundamental right to collaterally attack a conviction, and due process requires only that a petitioner be provided an opportunity for the presentation of the claim at a meaningful time and in a meaningful manner." *Nix*, 40 S.W.3d at 463. To obtain due process tolling, a petitioner must establish both "(1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead*, 402 S.W.3d at 631). The burden rests with the petitioner to allege and prove facts showing that tolling is warranted. *See Anderson v. State*, 692 S.W.3d 94, 104 (Tenn. Crim. App. 2023).

The supreme court has also stressed that "[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances *beyond a petitioner's control* prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011) (emphasis in original). Courts have recognized three general categories of such circumstances: (1) claims that arise after the statute of limitations has expired, (2) mental incompetence that prevents a timely filing, and (3) attorney misconduct or abandonment that forecloses a petitioner's opportunity to act. *Whitehead*, 402 S.W.3d at 623-24.

By contrast, due process tolling is not available when the delay results from the petitioner's own inaction. For example, tolling does not apply to petitioners who are aware of a claim but choose to wait before pursuing it. *Wooten v. State*, No. W2019-01228-CCA-R3-PC, 2020 WL 1491376, at *3 (Tenn. Crim. App. Mar. 26, 2020), *perm. app. denied* (Tenn. Aug. 11, 2020). It does not apply when a petitioner miscalculates the deadline. *Barnett v. State*, No. M2021-00554-CCA-R3-PC, 2022 WL 2277146, at *4 (Tenn. Crim. App. June 23, 2022), *perm. app. denied* (Tenn. Nov. 16, 2022). And it does not apply when a petitioner is unaware of the statute of limitations, even if that ignorance stems from

counsel's negligence. *McVay v. State*, No. W2021-00324-CCA-R3-PC, 2022 WL 421112, at *4 (Tenn. Crim. App. Feb. 11, 2022), *perm. app. denied* (Tenn. June 9, 2022).

Applying these principles here, we observe that the Petitioner's filings identify no facts that would bring his case within the narrow class of cases where tolling of the statute of limitations is permitted. For example, he does not allege that his claims arose only after the limitations period expired. He does not assert that mental incompetence prevented him from pursuing relief in a timely manner. And he does not argue that he was unable to file a timely post-conviction petition because of attorney misconduct or abandonment. Instead, he maintains that due process tolling applies simply because he continues to suffer harm from what he describes as the State's breach of the plea agreement.

Were we to adopt the Petitioner's view, the statute of limitations would be effectively abolished for any petition that superficially alleges a claim for relief. Our courts, however, have long made clear that the statute of limitations is not tolled merely because a petitioner's claim may have substantive merit. *Wallace v. State*, No. E2017-02481-CCA-R3-PC, 2019 WL 1959764, at *3 (Tenn. Crim. App. May 2, 2019), *perm. app. denied* (Tenn. Aug. 14, 2019). This is because the continuing effects of a conviction generally have no bearing on whether a petitioner has had an opportunity to present a claim at a meaningful time and in a meaningful manner.

To that end, due process principles focus simply on whether circumstances beyond the petitioner's control prevented a timely filing. *Nix*, 40 S.W.3d at 463; *Whitehead*, 402 S.W.3d at 631. Where no such circumstances exist, a petitioner's delay or inaction "does not properly entitle him to due-process tolling considerations[.]" *Sample v. State*, 82 S.W.3d 267, 284 (Tenn. 2002) (Barker, J., concurring). Here, the Petitioner allowed more than one year to pass after his conviction became final without filing for relief. He then waited an additional two years before submitting this petition. During this entire period, he took no action to raise the alleged breach or to protect his rights. On these facts, the Petitioner has not shown that circumstances beyond his control prevented a timely filing.

Our supreme court has cautioned that the threshold for due process tolling "is very high, lest the exceptions swallow the rule." *Bush*, 428 S.W.3d at 22 (citation modified). Tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whitehead*, 402 S.W.3d at 631-32 (citation omitted). The circumstances here do not present one of the rare cases in which due process tolling is appropriate. Accordingly, the Petitioner is not entitled to relief.

- 6 -

**CONCLUSION**

In summary, we hold that the Petitioner filed his post-conviction petition beyond the statute of limitations and that due process principles did not toll the running of the limitations period. We respectfully affirm the judgment of the post-conviction court summarily dismissing the petition.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE