IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 14, 2026

**JEFFERY D. STRONG v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Macon County**
**No. 2016-CR-110     Brody N. Kane, Judge**

_____

**No. M2025-00638-CCA-R3-PC**

_____

A Macon County jury convicted the Petitioner, Jeffery D. Strong, of selling dihydrocodeinone, a Schedule III controlled substance. The Petitioner later filed a petition for post-conviction relief, alleging that trial counsel provided ineffective assistance by (1) failing to object to the admission of the audio recording of the drug transaction; and (2) failing to raise the recording's admission as an error in the motion for a new trial. The post-conviction court denied relief, and the Petitioner now appeals. In addition to his ineffective assistance claim, the Petitioner also contends on appeal that the post-conviction court erred by failing to resolve the question of pretrial jail credits owed to him. Upon our review, we respectfully affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and STEVEN W. SWORD, JJ., joined.

Jeffrey N. Kuykendall, Nashville, Tennessee, for the appellant, Jeffery D. Strong.

Jonathan Skrmetti, Attorney General and Reporter; Park Huff, Assistant Attorney General; and Jason L. Lawson, District Attorney General, for the appellee, State of Tennessee.

# OPINION

# FACTUAL BACKGROUND

## A.    The Petitioner's Conviction

In October 2017, a Macon County jury convicted the Petitioner of selling dihydrocodeinone, a Schedule III controlled substance, in violation of Tennessee Code Annotated section 39-17-417.  In a previous appeal of this case, we summarized the facts underlying the Petitioner's conviction, which we recount here in abbreviated form.  *See State v. Strong*, No. M2018-00216-CCA-R3-CD, 2021 WL 753653 (Tenn. Crim. App. Feb. 26, 2021), *no perm. app. filed*.

In 2015, law enforcement officers arranged a controlled drug buy using a confidential informant.  Before the operation, officers provided the informant with audio recording equipment and monitored the transaction in real time.  *See id.* at *2.

The informant communicated with the Petitioner's girlfriend to arrange the purchase of hydrocodone.  After the girlfriend arranged for a supplier to meet them at a gas station, the Petitioner and his girlfriend drove to pick up the informant at her apartment.  *See id.*

The Petitioner then drove to a gas station, where a third party approached the driver's side of the Petitioner's vehicle.  The informant testified that she handed the purchase money to the girlfriend, who passed it to the Petitioner, who then gave it to the third party.  The third party provided pills to the Petitioner, who passed them to the girlfriend, who then gave them to the informant.  The recording equipment captured the interaction, and officers monitored it in real time.  *See id.* at *2, *3.

At the later trial, the State played the audio recording of the transaction for the jury without objection from the Petitioner's trial counsel.  The jury convicted the Petitioner of the charged offense, and the trial court sentenced him as a Range III, persistent offender to serve twelve years in confinement.  *See id.* at *3.

On direct appeal, the Petitioner challenged, among other issues, the admissibility of the audio recording of the drug transaction.  *See id.* at *3-4.  This court affirmed the conviction.  It concluded that a rational jury could find the Petitioner and his girlfriend provided the informant access to the drug supplier and acted in concert to sell drugs to the

informant. *See id.* at *6. However, the court also held that the issue concerning the audio recording was waived because trial counsel did not raise it in the motion for a new trial. *See id.* at *4.

### B.     POST-CONVICTION PROCEEDINGS

On April 9, 2021, the Petitioner filed a pro se petition for post-conviction relief raising several grounds. As relevant here, he alleged that he was denied the effective assistance of counsel. Specifically, the Petitioner asserted that trial counsel failed to object to the admission of the audio recording at trial and failed to raise that issue in the motion for a new trial. He contended that these omissions resulted in waiver of the issue on direct appeal.

The post-conviction court conducted an evidentiary hearing on February 14, 2025. Before the hearing began, the post-conviction counsel raised a separate issue concerning pretrial jail credits, noting that the judgment forms reflected no such credits. The State objected, arguing that the issue was not raised in the petition and that the Petitioner's consecutive sentences complicated any calculation of credits. The trial court directed the local jail to review the Petitioner's credits and report its findings.

At the hearing, the Petitioner called trial counsel to testify. Trial counsel explained that he did not object to the admission of the audio recording for two reasons. First, he believed that no legal basis existed to exclude it. Second, he believed that the recording supported the defense theory. Counsel testified that the Petitioner said very little on the recording, which he believed demonstrated that the Petitioner lacked knowledge of the drug transaction. For the same reason, counsel did not raise the issue in the motion for a new trial because he did not view the admission of the recording as an error. On cross-examination, counsel confirmed that he relied on the recording during his closing argument.

The Petitioner also testified. He stated that he did not know at the outset that the trip involved a drug transaction. He testified that he was present during the transaction without prior knowledge and believed that he was merely driving a friend to the store.

After taking the matter under advisement, the post-conviction court denied relief in a written order filed on April 4, 2025. The court found that trial counsel's decision not to object to the recording was a "well-founded strategic decision" because the recording corroborated the defense theory that the Petitioner was not an active participant in the

transaction. The court further found that counsel's decision not to raise the issue in the motion for a new trial likewise fell within the range of reasonable representation. The court did not address the issue of pretrial jail credits.

The Petitioner filed a timely notice of appeal twenty-eight days later. *See* Tenn. R. App. P. 4(a).

## ANALYSIS

This appeal presents two issues. First, whether trial counsel provided ineffective assistance by failing to object to the admission of the audio recording and by failing to preserve this issue in the motion for a new trial. Second, whether the post-conviction court erred in failing to address the Petitioner's claim regarding pretrial jail credits.

We address each of these issues in turn.

### C.   INEFFECTIVE ASSISTANCE OF COUNSEL

The Petitioner first argues that trial counsel provided ineffective assistance by failing to object to the admission of the audio recording of the drug transaction at trial and by failing to raise the recording's admission as error in the motion for a new trial, resulting in waiver of appellate review. In response, the State argues that trial counsel's decision not to object to the recording's admission was a reasonable strategic decision that did not constitute deficient performance. We agree with the State.

The Tennessee Post-Conviction Procedure Act provides an avenue for relief "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2025). A post-conviction petitioner has the burden of proving his or her allegations of fact with clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2025). For evidence to be clear and convincing, "it must eliminate any 'serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Arroyo v. State*, 434 S.W.3d 555, 559 (Tenn. 2014) (quoting *State v. Sexton*, 368 S.W.3d 371, 404 (Tenn. 2012)).

The Petitioner alleges in this appeal that he was denied the effective assistance of counsel during his trial. Article I, section 9 of the Tennessee Constitution establishes that

- 4 -

every criminal defendant has "the right to be heard by himself and his counsel." Similarly, the Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Indeed, "[t]hese constitutional provisions guarantee not simply the assistance of counsel, but rather the reasonably effective assistance of counsel." *Nesbit v. State*, 452 S.W.3d 779, 786 (Tenn. 2014). Accordingly, a petitioner's claim that he or she has been deprived "of effective assistance of counsel is a constitutional claim cognizable under the Post-Conviction Procedure Act." *Moore v. State*, 485 S.W.3d 411, 418 (Tenn. 2016); *see also Howard v. State*, 604 S.W.3d 53, 57 (Tenn. 2020).

"To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that counsel's performance was deficient and that counsel's deficiency prejudiced the defense." *Moore*, 485 S.W.3d at 418-19 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)). A petitioner may establish that counsel's performance was deficient by showing that "counsel's representation fell below an objective standard of reasonableness." *Garcia v. State*, 425 S.W.3d 248, 256 (Tenn. 2013) (quoting *Strickland*, 466 U.S. at 688). As our supreme court has also recognized, this court must look to "all the circumstances" to determine whether counsel's performance was reasonable and then objectively measure this performance "against the professional norms prevailing at the time of the representation." *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015) (quoting *Strickland*, 466 U.S. at 688).

"If the advice given or services rendered by counsel are 'within the range of competence demanded of attorneys in criminal cases,' counsel's performance is not deficient." *Phillips v. State*, 647 S.W.3d 389, 407 (Tenn. 2022) (quoting *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)). Notably, because this inquiry is highly dependent on the facts of the individual case, "[c]onduct that is unreasonable under the facts of one case may be perfectly reasonable under the facts of another." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999).

In addition, a petitioner must establish that he or she has been prejudiced by counsel's deficient performance such that the performance "render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Kendrick*, 454 S.W.3d at 458 (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). In other words, a petitioner "must establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 453 S.W.3d 386, 393-94 (Tenn. 2014) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Howard*, 604 S.W.3d at 58 (quoting *Strickland*, 466 U.S. at 694).

Our review of these questions is governed by a well-established standard. Appellate review "of an ineffective assistance of counsel claim is a mixed question of law and fact that this [c]ourt reviews de novo." *Phillips*, 647 S.W.3d at 400 (citations omitted). "Appellate courts must generally defer to a post-conviction court's findings concerning witness credibility, the weight and value of witness testimony, and the resolution of factual issues presented by the evidence." *Kendrick*, 454 S.W.3d at 457. As such, we "are bound by the post-conviction court's underlying findings of fact unless the evidence preponderates against them." *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013). On the other hand, "we accord no presumption of correctness to the post-conviction court's conclusions of law, which are subject to purely de novo review." *Id.*; *Phillips*, 647 S.W.3d at 400.

### 1.      Absence of a Trial Objection to the Audio Recording

With these principles in mind, we turn to the Petitioner's claim that trial counsel performed deficiently by failing to object to the admission of the audio recording of the drug transaction at trial.

As a threshold matter, counsel is not required to object at every opportunity. *Conaser v. State*, No. M2023-00271-CCA-R3-PC, 2024 WL 244964, at *5 (Tenn. Crim. App. Jan. 23, 2024) (citation omitted), *no perm. app. filed*. To establish deficient performance based on a failure to object, a petitioner must make several showings. First, the petitioner must identify the specific evidence at issue and the objection that should have been made. The petitioner must also show that the trial court would have sustained the objection. Finally, the petitioner must demonstrate that the result of the trial would have been different in light of the remaining evidence. *See id.* (citations omitted).

Even when these requirements are met, counsel may have valid strategic reasons for declining to object. These reasons may include avoiding undue emphasis on unfavorable statements, avoiding alienating the jury, or allowing favorable or helpful evidence to be considered without interruption. *Id.* at *6 (citation omitted); *see also State v. Blocker*, No. W2020-00543-CCA-R3-PC, 2021 WL 3140357, at *9 (Tenn. Crim. App. July 26, 2021), *perm. app. denied* (Tenn. Dec. 8, 2021). Importantly, counsel's failure to object to admissible evidence cannot support a claim of deficient performance. *See Conaser*, 2024 WL 244964, at *6 (citations omitted).

For two reasons, the post-conviction court found that trial counsel made a well-founded strategic decision not to object to the evidence. First, the court credited trial counsel's testimony that he saw no legal basis to exclude the recording. The Petitioner has not identified any specific objection that should have been made or shown that the trial court would have sustained such an objection. *See Conaser*, 2024 WL 244964, at *5. Trial counsel's failure to object to evidence he reasonably believed admissible cannot constitute deficient performance. *Id.* at *6.

Second, the post-conviction court credited trial counsel's testimony that the recording affirmatively supported the defense theory. The record shows that because the Petitioner said almost nothing during the transaction, counsel believed the recording showed that the Petitioner lacked both knowledge of and active participation in the drug transaction. Trial counsel also confirmed that he relied on the recording during closing argument to advance this theory. Consistent with this reasoning, we have recognized that counsel may reasonably decline to object when the evidence benefits a defense theory. *Blocker*, 2021 WL 3140357, at *9; *see also Denton v. State*, No. W2021-01289-CCA-R3-PC, 2022 WL 4355590, at *6 (Tenn. Crim. App. Sept. 20, 2022) (affirming denial of relief where trial counsel did not object to a statement he believed corroborated the defense theory), *perm. app. denied* (Tenn. Feb. 8, 2023); *Conaser*, 2024 WL 244964, at *6.

The record supports the post-conviction court's findings. In assessing counsel's performance, we begin with a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance, and courts may not second-guess a reasonable trial strategy or tactical decision. *See Felts v. State*, 354 S.W.3d 266, 277 (Tenn. 2011); *Granderson v. State*, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006). The Petitioner has not overcome this presumption. Accordingly, we affirm the post-conviction court's determination that trial counsel's decision did not fall below an objective standard of reasonableness.

A post-conviction petitioner bears the burden of establishing both deficient performance and resulting prejudice. However, "a court need not address both concepts if the petitioner fails to demonstrate either one of them." *Garcia*, 425 S.W.3d at 257. Because the Petitioner has failed to establish deficient performance, he is not entitled to relief on this issue.

## 2. Absence of an Objection in the Motion for a New Trial

The Petitioner separately contends that trial counsel performed deficiently by failing to raise the recording's admission as error in the motion for a new trial, thereby causing the issue to be waived on direct appeal. This claim does not stand apart from trial counsel's broader strategic judgment; it flows directly from it. In evaluating this claim, we apply the framework established by our supreme court in *Carpenter v. State*, 126 S.W.3d 879 (Tenn. 2004).

Although *Carpenter* addressed the failure to raise an issue in an appellate brief, its reasoning applies equally to decisions about which issues to include in a motion for a new trial. *See Armstrong v. State*, No. W2020-00419-CCA-R3-PC, 2021 WL 3012177, at *9 (Tenn. Crim. App. July 16, 2021) (applying *Carpenter* to the failure to include an issue in a motion for a new trial), *perm. app. denied* (Tenn. Nov. 29, 2021); *Branam v. State*, No. E2019-01149-CCA-R3-PC, 2020 WL 4015615, at *6 (Tenn. Crim. App. July 16, 2020) (same), *perm. app. denied* (Tenn. Dec. 3, 2020). As *Carpenter* instructs, counsel is not constitutionally required to raise every conceivable issue, and a reviewing court must give considerable deference to counsel's professional judgment regarding which issues to present. *Carpenter*, 126 S.W.3d at 887; *Campbell v. State*, 904 S.W.2d 594, 597 (Tenn. 1995) ("[T]he determination of which issues to raise on appeal can be characterized as tactical or strategic choices, which we have already stated should not be 'second guessed' on appeal, subject, of course, to the range of competence required of attorneys in criminal cases.").

The Petitioner contends that trial counsel performed deficiently by failing to include the admission of the recording in the motion for a new trial. At the post-conviction hearing, trial counsel was asked why he did not raise the issue, even as a precautionary measure. Trial counsel explained that he did not do so because he did not believe the trial court erred in admitting the recording. He further stated that he saw nothing inappropriate in its admission. Trial counsel testified that he had reviewed the trial record and formed a reasoned conclusion that no error had occurred.

The post-conviction court credited trial counsel's explanation and found that the decision not to include the issue in the motion for a new trial did not fall below the range of reasonable legal representation. The record does not preponderate against this conclusion. Trial counsel affirmatively chose not to object because he believed the recording supported the defense. He also relied on the recording during closing argument to advance his theory that the Petitioner lacked knowledge of and active participation in

the drug transaction.  Counsel cannot be faulted for declining to assign error to a ruling he reasonably believed was correct and that supported the defense theory.  *Cf. Carpenter*, 126 S.W.3d at 887.  The record supports the post-conviction court's determination that the Petitioner failed to establish that trial counsel's decision to omit this issue from the motion for a new trial fell below an objective standard of reasonableness.

As we have explained, a court need not address both deficient performance and prejudice if the petitioner fails to establish either one.  *Garcia*, 425 S.W.3d at 257.  Because the Petitioner has failed to establish deficient performance, we respectfully affirm the post-conviction court's denial of relief on this issue.

### D.     PRETRIAL JAIL CREDITS

The Petitioner next asserts that the post-conviction court erred by failing to resolve the question of pretrial jail credits in its order denying post-conviction relief.  The State responds that this claim was not raised in the post-conviction petition, was not addressed by the post-conviction court, and is not cognizable in a post-conviction proceeding.  We agree with the State.

As an initial matter, the issue of pretrial jail credits was not raised in the Petitioner's post-conviction petition.  *See* Tenn. Code Ann. § 40-30-110(c) (2025) ("Proof upon the petitioner's claim or claims for relief shall be limited to evidence of the allegations of fact in the petition."); Tenn. Sup. Ct. R. 28, § 8(D)(4) ("The hearing shall be limited to issues raised in the petition.").  This court may consider a post-conviction issue on appeal only when that issue was formally raised in the post-conviction petition or was argued at the evidentiary hearing and decided by the post-conviction court without objection by the State.  *Holland v. State*, 610 S.W.3d 450, 458 (Tenn. 2020).

Although the matter of pretrial jail credits was mentioned briefly at the outset of the post-conviction hearing, the State objected to the court's consideration of the issue on the ground that it had not been raised in the petition.  The post-conviction court did not resolve the issue, and its written order is silent on the subject.  Under these circumstances, the Petitioner's claim is not properly before us on appeal.  *See Holland*, 610 S.W.3d at 458.

That said, the Petitioner would not be entitled to relief on the merits in any event.  Post-conviction relief is available only when "the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States."  Tenn. Code Ann. § 40-30-103.  A claim alleging an

improper sentence calculation does not implicate a constitutional right and is not cognizable through the Post-Conviction Procedure Act. *See, e.g.*, *Jones v. Fortner*, No. E2009-00233-CCA-R3-HC, 2009 WL 3364354, at *3 (Tenn. Crim. App. Oct. 20, 2009), *no perm. app. filed*; *Welch v. State*, No. W2008-01179-CCA-R3-PC, 2009 WL 1741394, at *2 (Tenn. Crim. App. June 15, 2009), *no perm. app. filed*.

Thus, to the extent the Petitioner believes he is owed pretrial jail credits, the appropriate avenue for relief is a motion to correct a clerical error pursuant to Tennessee Rule of Criminal Procedure 36, not a post-conviction petition. *See State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015); *Neal v. State*, No. E2012-01563-CCA-R3-PC, 2013 WL 358178, at *2 (Tenn. Crim. App. Jan. 30, 2013), *no perm. app. filed*. The Petitioner is not entitled to relief on this ground.

## CONCLUSION

In summary, we hold that the record supports the post-conviction court's determination that the Petitioner was not denied the effective assistance of counsel during his trial. We further hold that the Petitioner's claim regarding pretrial jail credits is not properly before this court on appeal. Accordingly, because the Petitioner's conviction is not void or voidable due to the violation of a constitutional right, we respectfully affirm the denial of post-conviction relief in all respects.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE